```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JOSEPH ZAPPIA, individually and on behalf of all                        :
others similarly situated,                                              :
                                                                        :
                                Plaintiff,                              :      24 Civ. 32 (JPC)
                                                                        :
                -v-                                                     :      ORDER
                                                                        :
GAN LIMITED et al.,                                                     :
                                                                        :
                                Defendants.                             :
                                                                        :
------------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The Court will hold a hearing to address Plaintiff's motion for a preliminary injunction, Dkt. 6, on February 6, 2024 at 2:00 p.m. in Courtroom 12D of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.  Defendants shall file an opposition to Plaintiff's motion by January 30, 2024.  Plaintiff may file a reply by February 2, 2024.

Plaintiff's motion for expedited discovery is granted.  The Private Securities Litigation Reform Act's ("PSLRA") discovery stay applies "during the pendency of any motion to dismiss," 15 U.S.C. § 78u-4(b)(3)(B), and no motion to dismiss is pending, nor have Defendants indicated an intent to file such a motion.  See Dkt. 7 at 24-25; Dkt. 11 at 3.

Moreover, even if the stay were in place, Plaintiff has made a sufficient showing of undue prejudice were the Court not to grant the limited discovery sought.  "Undue prejudice in the context of a discovery stay means improper or unfair treatment amounting to something less than irreparable harm." *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2012 WL 1438241, at *2 (S.D.N.Y. Apr. 25, 2012) (internal quotation marks omitted).  Plaintiff argues that lifting the discovery stay is necessary to "ensure[] that a preliminary injunction motion will be

litigated effectively," among other reasons. Dkt. 14 at 3. In line with this reasoning, "[c]ourts in the Southern District have partially lifted the discovery stay on the ground of 'undue prejudice' . . . when plaintiffs would be placed at an unfair advantage to make informed decisions about litigation and settlement strategy without access to documents that form the core of the proceeding." *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. May 6, 2003). To that end, the Court also finds that Plaintiff's discovery requests are sufficiently particularized.

Therefore, by January 29, 2024, at 5:00 p.m., Defendants shall produce the following:[1]

(i) all minutes of the Board and any special committee thereof from September 30, 2022 (when Bidder A made the first bid during the sales process) to November 7, 2023 (when the Merger was announced) discussing any of the following topics: (1) the Merger, and any letters of intent, indications of interest, bids or other proposals for a transaction with GAN, (2) conflicts of interests of Board members with respect to any proposed transactions, and (3) the formation of the Financing and Merger Special Committees, and appointment of members thereto;

(ii) all responses to director questionnaires between September 30, 2022 and November 7, 2023;

(iii) all signed engagement letters for B. Riley, and all conflict or other relationship disclosures by B. Riley provided to the Board or any special committee thereof, between September 30, 2022, and November 7, 2023;

(iv) all indications of interest and any other bids or proposals submitted by Bidder B and Bidder H to the Board, the Merger Special Committee, and/or their advisors

---

[1] Capitalized terms used to describe the discovery material shall have the same meanings ascribed to them in the Amended Complaint. *See* Dkt. 5.

("Bidder B Proposals" and "Bidder H Proposals");

(v) all analyses (including without limitation, by B. Riley) evaluating the value per share of the Bidder B Proposals and Bidder H Proposals;

(vi) all nondisclosure, confidentiality or other agreements with DADW provisions and/or other standstill provisions between GAN, on the one hand, and Bidders A, B, C, D, E, F, G, H, and/or I, on the other;

(vii) all waivers of standstills by GAN; and

(viii) all presentations by B. Riley provided to the Merger Special Committee and/or the Board with respect to the *Premiums Paid Analysis*.

Plaintiff shall serve this Order on Defendants, via their counsel, by email no later than January 24, 2024, at 12:00 p.m.

SO ORDERED.

Dated: January 23, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

3